Todd M. Friedman (SBN 216752)
Adrian R. Bacon (SBN 280332)
Meghan E. George (SBN 274525)
Thomas E. Wheeler (SBN 308789)
**LAW OFFICES OF TODD M. FRIEDMAN, P.C.**
21550 Oxnard St., Suite 780
Woodland Hills, CA 91367
Phone: 323-306-4234
Fax: 866-633-0228
tfriedman@toddflaw.com
abacon@toddflaw.com
mgeorge@toddflaw.com
twheeler@toddflaw.com
Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL OUZIEL, individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> vs. <br><br> THUNDERBIRD COLLECTION SPECIALISTS, INC., and DOES 1 through 10, inclusive, and each of them, <br><br> Defendant. | Case No. <br><br> **Class Action Complaint For Violations Of:** <br><br> 1. The Fair Debt Collection Practices Act, 15 U.S.C. §§1692, et seq.; and <br> 2. The Rosenthal Fair Debt Collection Practices Act, Cal. Civ. C. § 1788 et. seq. <br><br> **Jury Trial Demanded** |

1
**CLASS ACTION COMPLAINT**

**Introduction**

1. This case arises as a result of false, deceptive, and unfair debt-collection practices promulgated nationwide by Defendant, THUNDERBIRD COLLECTION SPECIALISTS, INC. ("Defendant"), in its collection letter campaigns wherein Defendant misrepresents consumer and debtor rights.

2. In particular, Plaintiff, MICHAEL OUZIEL ("Plaintiff"), alleges that within the year preceding the filing of this Complaint, Defendant attempted to collect debts from him and other consumers and debtors by systematically sending them mail based collection correspondence that overshadow the disclosure requirements under Federal and State statutes and making material misrepresentations that are inconsistent with the disclosure requirements aforementioned in violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692g(a) & 1692g(b), and Rosenthal Fair Debt Collection Practices Act ("RDFCPA"), Cal. Civ. C. §1788 et. seq..

3. Furthermore, pursuant to *Cal. Civ. Code* §§ 1812.700(a) & (b), debt collectors subject to the FDCPA communicating with California consumers in connection with the collection of alleged debts must include the following disclosure language in their first written communication with California consumers:

> "The state Rosenthal Fair Debt Collection Practices Act and the federal Fair Debt Collection Practices Act require that, except under unusual circumstances, collectors may not contact you before 8 a.m. or after 9 p.m. They may not harass you by using threats of violence or arrest or by using obscene language. Collectors may not use false or misleading statements or call you at work if they know or have reason to know that you may not receive personal calls at work. For the most part, collectors may not tell another person, other than your attorney or spouse, about your debt. Collectors may contact another

person to confirm your location or enforce a judgment. For more information about debt collection activities, you may contact the Federal Trade Commission at 1-877-FTC-HELP or www.ftc.gov."

4. Plaintiff alleges that Defendant made such misrepresentations and omissions in its communications with Plaintiff in connection with the alleged debt described herein.

5. Such conduct is inherently deceptive and misleads the least-sophisticated consumer.

6. Defendant's acts and omissions were intentional, and resulted from Defendant's desire to mislead debtors and consumers into making payments without apprising them of their rights under both Federal and State laws.

7. Thus, Plaintiffs bring class action claims against Defendant, under the Federal FDCPA, which were enacted to "eliminate abusive debt collection practices by debt collectors," 15 U.S.C. 1692(e).

## Jurisdiction and Venue

8. The Court has jurisdiction over Plaintiff's FDCPA cause of action pursuant to 28 U.S.C. §1331 and supplemental jurisdiction over Plaintiff's RFDCPA cause of action

9. Venue is proper in the Central District of California pursuant to 18 U.S.C. § 1391(b) because Defendant does business within the Central District of California, and because Plaintiff is a resident of Los Angeles County, California, which is within the Central District of California.

## The Parties

10. Plaintiff is a natural person residing in Los Angeles County, State of California who is allegedly obligated to pay a debt, and from whom a debt collector seeks to collect a consumer debt which is alleged to be due and owing, thereby rendering her a "consumer" under the FDCPA, 15 U.S.C. §1692a(3).

3
**CLASS ACTION COMPLAINT**

11. Defendant is a company that uses any instrumentality of interstate commerce or the mails in its business, the principal purpose of which is the collection of any debts; it also regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. Thus, Defendant is a "debt collector," under the FDCPA, 15 U.S.C. §1692(a)6.

12. Furthermore, Defendant is a third party debt collector and is not an officer or employee of a creditor attempting to collect a debt on behalf of the same. Therefore, Defendant is not covered by either subsections (A) or (B) of section (6) of § 1692a of the FDCPA.

13. The debts Defendant attempted to collect from Plaintiff and the putative class members qualify as "debt(s)," under the FDCPA, 5 U.S.C. §1692a(5).

## Factual Allegations

14. Within one (1) year preceding the filing of this class action lawsuit, Defendant mailed Plaintiff a collection letter dated April 27, 2018.

15. The alleged debt Defendant attempted to collect from Plaintiff is for $876.90 originating from Cedars Sinai Endoscopy Center.

16. In the letter, Defendant wrote that "[Y]ou now have the opportunity to pay this account in full or we will report the debt to one or more of the three national credit bureaus after the 30th day from the date of this letter."

17. Following this paragraph, Defendant then represented to Plaintiff that Defendant would assume the debt is valid unless Plaintiff notifies Defendant within 30 days of the letter's date that Plaintiff disputes the debt.

18. But, Defendant's threat regarding credit reporting immediately after thirty days, regardless of whether the validity of the debt is disputed, completely overshadows and obscures the 30 day validation notice.

19. Further, in the first half of the letter, Defendant makes no reference to consumers' and debtors' rights to request validation or dispute the alleged debts, and instead, Defendant represents to consumers and debtors that they

owe debts on which they must make immediate payments or Defendant will report the debts on consumers' and debtors' consumer credit reports.

20. Defendant additionally failed to include the disclosure language required by *Cal. Civ. Code* §§ 1812.700(a) & (b) in its letter to Plaintiff.

21. Additionally, Defendant's letter failed to advise Plaintiff that interest, late charges, and other charges would occur such that the amount of the balance sought was inaccurate.

22. Ultimately, these communications mislead Plaintiff as to the nature of his rights. Furthermore, Plaintiff felt harassed, anxious, and annoyed as a result of Defendant's conduct.

## Class Allegations

23. Plaintiff brings this class action on behalf of himself and all others similarly situated.

24. Plaintiff represents, and is a member of the following Class ("the Class"):

> All persons residing in the United States, who, within the one (1) year preceding the filing of this Complaint, received collection correspondence from Defendant that failed to disclose that daily fees and interest may be incurred on the balance or that overshadowed the thirty day validation period.

25. Plaintiff brings this class action on behalf of himself and all other California residents similarly situated ("the California Class"):

> All persons residing in the California, who, within the one (1) year preceding the filing of this Complaint, received collection correspondence from Defendant that failed to disclose that daily fees and interest may be incurred on the balance, overshadowed the thirty day validation period, or failed to disclose in Defendant's

5
**CLASS ACTION COMPLAINT**

first writing the notice requirements of *Cal. Civ. Code* § 1812.700(a).

26. Collectively, the Class and California Class will be referred hereinafter as "the Classes".

27. As a result of Defendant's conduct, Plaintiff and members of the Classes have been deprived of accurate and valid information regarding their rights and the obligations of debt collectors like Defendant. Defendant mislead Plaintiff and the Classes into believing, through Defendant's material omissions, that they lacked certain rights and Defendant lacked certain obligations.

28. Defendant and its employees or agents are excluded from the Classes. Plaintiff does not know the number of members in the Classes, but believes the Classes members number to be in the tens of thousands, if not more. Thus, this matter should be certified as a Class action to assist in the expeditious litigation of this matter.

29. This lawsuit seeks statutory damages, actual damages, and injunctive relief for recovery of economic injury on behalf of the Classes and is not intended to request any recovery for personal injury and claims related thereto. Plaintiff reserves the right to expand the Classes definitions to seek recovery on behalf of additional persons as warranted as facts are learned in further investigation and discovery.

30. The joinder of the Classes members is impractical and the disposition of their claims in the Classes action will provide substantial benefits both to the parties and to the court. The Classes can be identified through Defendant's records or Defendant's agents' records.

31. There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented. The questions of law and fact to the Class predominate over questions which may affect individual Class members, including the following:

      a. Whether, within the one (1) year preceding the filing of this Complaint, Defendant communicated with consumers in connection with debt collection and:

          i. Failed to disclose that daily fees and interest may be incurred on the balance, overshadowed the thirty day validation period;

          ii. Overshadowed the disclosures required by the FDCPA, 15 U.S.C. § 1692g(a); and

          iii. Making representations to Plaintiff during the 30-day dispute period –that are inconsistent with the disclosures required by 15 U.S.C. § 1692g(a).

      b. Whether Plaintiff and the Class members were damaged thereby, and the extent of damages for such violation; and

      c. Whether Defendant should be enjoined from engaging in such conduct in the future.

**32.** As a person who received the grossly inadequate and misleading collection letter from Defendant, Plaintiff is asserting claims that are typical of the Class. Plaintiff will fairly and adequately represent and protect the interests of the Class in that Plaintiff has no interests antagonistic to any member of the Class.

**33.** There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented. The questions of law and fact to the California Class predominate over questions which may affect individual California Class members, including the following:

      a. Whether, within the one (1) year preceding the filing of this Complaint, Defendant communicated with consumers in connection with debt collection and:

          i. Failed to disclose that daily fees and interest may be incurred on the balance, overshadowed the thirty day validation period;

      ii. Failed to disclose in Defendant's first writing the notice requirements of Cal. Civ. Code § 1812.700(a);

      iii. Overshadowed the disclosures required by the FDCPA, 15 U.S.C. § 1692g(a); and

      iv. Making representations to Plaintiff during the 30-day dispute period –that are inconsistent with the disclosures required by 15 U.S.C. § 1692g(a).

  b. Whether Plaintiff and the California Class members were damaged thereby, and the extent of damages for such violation; and

  c. Whether Defendant should be enjoined from engaging in such conduct in the future.

**34.** As a person who received the grossly inadequate and misleading collection letters from Defendant, Plaintiff is asserting claims that are typical of the California Class. Plaintiff will fairly and adequately represent and protect the interests of the California Class in that Plaintiff have no interests antagonistic to any member of the California Class.

**35.** Plaintiff and the members of the Classes have all suffered irreparable harm as a result of the Defendant's unlawful and wrongful conduct. Absent a class action, the Classes will continue to face the potential for irreparable harm. In addition, these violations of law will be allowed to proceed without remedy and Defendant will likely continue such illegal conduct, resulting in consumers who continue to lack notice of their rights and Defendant's obligations.

**36.** Because of the size of the individual Classes member's claims, few, if any, Classes members could afford to seek legal redress for the wrongs complained of herein.

**37.** Plaintiff has retained counsel experienced in handling class action claims and claims involving violations of the FDCPA and RFDCPA.

38. A class action is a superior method for the fair and efficient adjudication of this controversy. Class-wide damages are essential to induce Defendant to comply with federal and California law. The interest of Classes members in individually controlling the prosecution of separate claims against Defendant is small because the maximum statutory damages in an individual action under the FDCPA and/or RFDCPA are minimal. Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims.

39. Defendant has acted on grounds generally applicable to the Classes, thereby making appropriate final injunctive relief and corresponding declaratory relief with respect to the Classes as a whole.

**First Cause of Action: Violation of the Fair Debt Collection Practices Act**
**On behalf of Plaintiff and the Classe**

40. Plaintiff incorporates by reference the preceding paragraphs of this Complaint.

41. A debt collector must not overshadow the disclosures required by 15 U.S.C. § 1692g(a) during the thirty (30) day dispute period, which Defendant in fact did.

42. A debt collector must not make representations to consumers or debtors during the thirty (30) day dispute period that are inconsistent with the disclosures required by 15 U.S.C. § 1692g(b).

43. A debt collector many not make false representations regarding the amount of the debt, including by failing to advise that daily fees and interests are being incurred on a balance represented in a debt collection letter.

44. As a direct proximate result of Defendant's conduct, Plaintiffs and the Class have suffered actual damages and other harm, thereby entitling them to seek statutory damages in the amount of $1,000.00 each, in addition to reasonably incurred attorney's fees and costs. 15 U.S.C. §1692k(a)(1)-(3)

**Prayer for Damages**

Wherefore, Plaintiff respectfully requests the Court grant Plaintiff and the Class members the following relief against Defendant:

a. That this action be certified as a class action on behalf of The Class and Plaintiff be appointed as the representative of The Class;
b. For statutory damages of $1,000.00 for Plaintiff and each member of The Class pursuant to 15 U.S.C. §1692k(a)(1)
c. For actual damages according to proof;
d. For reasonable attorneys' fees and costs of suit;
e. For prejudgment interest at the legal rate; and
f. For such further relief as this Court deems necessary, just, and proper.

## Second Cause of Action: Violation of the Rosenthal Fair Debt Collection Practices Act
## On behalf of Plaintiff and the California Class

45. Plaintiff incorporates by reference, the preceding paragraphs of this Complaint.

46. A debt collector must make the disclosure required by *Cal. Civ. Code* § 1812.700(a) and must do so in its first writing to consumers in connection with debt collection under *Cal. Civ. Code* § 1812.700(b) which Defendant failed to do.

47. Furthermore, pursuant to §1788.17 of the RFDCPA: "[n]otwithstanding any other provision of this title, every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Sections 1692b to 1692j, inclusive, of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code. The references to federal codes in this section refer to those codes as they read January 1, 2001." *Cal. Civ. Code* §1788.17.

**48.** Thus by engaging in conduct prohibited under the FDCPA as noted immediately above, Defendant also violated the RFDCPA.

**49.** As a direct proximate result of Defendant's conduct, Plaintiff and the California Class have suffered actual damages and other harm, thereby entitling them to seek statutory damages in the amount of $1,000.00 each, actual damages and reasonably incurred attorney's fees and costs. *Cal. Civ. Code* §1788.30.

### Prayer for Damages

Wherefore, Plaintiff respectfully requests the Court grant Plaintiff and the California Class members the following relief against Defendant:

a. That this action be certified as a class action on behalf of the California Class and Plaintiff be appointed as the representative of the California Class;

b. For statutory damages of $1,000.00 for Plaintiff and each member of the California Class pursuant to *Cal. Civ. Code* §1788.30.

c. For actual damages according to proof;

d. For reasonable attorneys' fees and costs of suit;

e. For prejudgment interest at the legal rate; and

f. For such further relief as this Court deems necessary, just, and proper.

### Trial by Jury

Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiffs are entitled to, hereby does demand a jury trial.

Dated: December 19, 2018

By:/s/Todd M. Friedman
Todd M. Friedman, Esq.
**LAW OFFICES OF TODD M. FRIEDMAN, P.C.**
Attorneys for Plaintiff